UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Castle Fireworks, Inc.,

    Plaintiff,

v.                                  Case No. 07-12682

Monroe Charter Township and Fire Inspector,    Honorable Sean F. Cox
Calvin Schmidt,

    Defendants.
_____/

**OPINION & ORDER
DENYING PLAINTIFF'S EMERGENCY MOTION
FOR PRELIMINARY INJUNCTION**

Plaintiff Castle Fireworks, Inc. ("Plaintiff" or "Castle") filed this action against Defendants Monroe Charter Township ("the Township") and Fire Inspector Calvin Schmidt ("Schmidt")(collectively, "Defendants") on June 25, 2007. Along with the complaint, Plaintiff also filed the instant "Emergency Motion for Preliminary Injunction." The Court finds that the issues have been adequately presented in the papers submitted and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons set forth below, Plaintiff's request for a preliminary injunction shall be **DENIED**.

Background

Plaintiff's complaint alleges that it is a Michigan corporation that is in the business of selling fireworks. Plaintiff has previously operated seasonal outdoor tent sales in Southeast Michigan. (Compl. at ¶¶ 6-7). Plaintiff asserts that it "has peacefully and profitably [been]

1

operating its business in many other townships throughout Monroe County Michigan for the past twenty (20) years." (Compl. at ¶ 29). Although it has not previously done business in the Township,[1] it wishes to do so this year. Accordingly, in May 2007, Plaintiff applied for a special use permit to sell fireworks from a tent in the Township. (Compl. at ¶ 7). The Township, however, denied the application under its ordinances relating to same.

Thereafter, Plaintiff filed suit in Monroe County Circuit Court and sought a preliminary injunction from that court on Friday, June 22, 2007. (*See* Compl. at ¶ 28 & Pl.'s Br. at 8).

Before receiving a decision from the state court, on June 25, 2007, the next business day after filing the state court action, Plaintiff filed this federal action pursuant to 42 U.S.C. §1983. Plaintiff claims that Defendants' conduct in denying its permit application violates Plaintiff's constitutional rights to due process and equal protection because Defendants denied its permit application, despite having a rational basis for doing so. Plaintiff filed this "Emergency Motion for Preliminary Injunction" along with its complaint.

After receiving the case, this Court promptly scheduled a conference on June 29, 2007, to discuss the motion. At the June 29, 2007 conference, Plaintiff's counsel advised the Court that the Monroe County Circuit Court denied Plaintiff's Motion for Preliminary Injunction and that Plaintiff thereafter dismissed that action. The Court ordered Defendant to file a response to Plaintiff's Emergency Motion for Preliminary Injunction by 12:00 p.m. on July 2, 2007.

On July 2, 2007, Defendant filed a response in opposition to Plaintiff's Emergency Motion for Preliminary Injunction. Defendant asserts that Plaintiff's request violates the

---

[1] At the June 29, 2007 conference, Plaintiff's counsel confirmed that Plaintiff has never before sold fireworks in the Township.

township fire code, including the sale of hazardous substances. That to allow Plaintiff to sell the fireworks at issue would impact public safety.

## Analysis

The purpose of a preliminary injunction is to maintain the *status quo* until a trial on the merits can be held. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Six Clinics Holding Corp., II. v. Cafcomp Sys., Inc.,* 119 F.3d 393, 400 (6th Cir. 1997). Moreover, a "preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). *Id*.

In considering a motion for preliminary injunction, the district court must examine the following four factors: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Connection Distributing Company v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). No single factor is dispositive. The court must balance the factors to determine whether they weigh in favor of an injunction. *Id*. The proof required to obtain a preliminary injunction is "much more stringent than the proof required to survive a summary judgment motion." *Leary*, 228 F.3d at 739.

The Court concludes that a preliminary injunction is not warranted in this case. As a preliminary matter, the Courts notes that Plaintiff is *not* requesting a preliminary injunction to preserve the *status quo* until a trial on the merits can occur. Rather, Plaintiff is asking this Court to alter the *status quo* prior to a trial on the merits and grant Plaintiff affirmative injunctive relief (*i.e.*, a permit from the Township that Plaintiff has never before held). Moreover, Plaintiff has

failed to establish that consideration of the four above factors weighs in favor of issuing the injunction.

A.	Plaintiff Has Not Established A Likelihood Of Success On The Merits.

To prevail on its constitutional claims here (both due process and equal protection), Plaintiff acknowledges that it must demonstrate that the Township's ordinance and/or policy of not allowing the sale of fireworks in tents has no rational basis. The "rational basis" standard is "highly deferential." *Odle v Decatur County, Tennessee*, 421 F.3d 386, 395 (6th Cir. 2005); *see also Crego v. Coleman*, 463 Mich. 248 (2000). Indeed, the United States Supreme Court has called the rational basis standard "the most deferential of standards." *Romer v. Evans*, 517 U.S. 620, 631 (1996).

Under rational-basis review, courts will uphold the ordinance as long as it is "rationally related to a legitimate government purpose." *Dandridge v. Williams*, 397 U.S. 471, 485 (1970). Because plaintiff bears the burden of demonstrating that no rational basis exists for the ordinance, any conceivable basis is sufficient to sustain it, even if there is no indication that the suggested rationale actually motivated its adoption. *Innes v. Howell Corp.*, 76 F.3d 702, 708 (6th Cir. 1996). Thus, Plaintiff faces quite an "uphill battle" in this action.

The Township asserts that it does not allow vendors to sell fireworks in tents because of danger to public safety. Accordingly, the Township appears to have articulated a rational basis for its ordinance and/or policy prohibiting the sale of fireworks in tents.

The Court notes that Plaintiff appears to assert that it has a substantial likelihood of success on the merits based upon *Skyworks v. Shelby Township*, an unpublished slip opinion from the Macomb County Circuit Court. (A copy of the *Skyworks* opinion is attached to Pl.'s

4

Compl.). The Court disagrees.

*Skyworks* did not involve the issuance of a preliminary injunction. Rather, it is an opinion that followed a bench trial/evidentiary hearing on the plaintiff's verified complaint for declaratory and injunctive relief. The court recognized that the rational basis standard is highly deferential and easily met. However, in that particular case, the Defendant did not articulate a reason for the challenged ordinance or present any evidence supporting such a reason. The plaintiff, on the other hand, did present evidence to establish that the ordinance was unwarranted. It was only in that highly unusual scenario, where the defendant simply failed to defend the challenged ordinance, that the Court found the rational basis standard was not met. Here, in contrast, the Township intends to defend the ordinance and has articulated what appears to be a rational basis for the ordinance in response to Plaintiff's Emergency Motion for Preliminary Injunction.

The Court therefore concludes that Plaintiff has not established a substantial likelihood of success on the merits of its claims. This first factor therefore weighs heavily against the issuance of a preliminary injunction.

B.    Plaintiff Has Not Established It Will Incur Irreparable Harm Without The Injunction.

The Court also concludes that Plaintiff has failed to establish that it will face immediate, irreparable harm if the injunction is not issued.

Plaintiff contends that its injuries would be "irreparable inasmuch as it involves the destruction of an ongoing legal and profitable business, even with the availability of money damages." (Pl.'s Motion at 3). Plaintiff's brief contains virtually no analysis or explanation in support of its assertion that it will sustain irreparable injury if the injunction is not issued. Its

complaint alleges, however, that without the injunction, Plaintiff's ongoing legal business will be destroyed and it will suffer the loss of "goodwill."

The Court finds these arguments to be without merit. Although Plaintiff claims to have sold fireworks in other areas in Southeast Michigan over a number of years, Plaintiff has not previously sold fireworks in the Township. Thus, this is not a situation where Plaintiff is going to lose sales or established long-term customers in the Township, because Plaintiff has not previously operated in the Township. Moreover, Plaintiff is still operating in other areas throughout Southeastern Michigan.

Accordingly, this factor also weighs heavily against the issuance of a preliminary injunction.

Given that the first two factors both weigh heavily against the issuance of a preliminary injunction in this matter, the Court need not consider the two remaining factors.

Conclusion & Order

For the reasons above, **IT IS ORDERED** that Plaintiff's Emergency Motion for Preliminary Injunction is **DENIED.**

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 2, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2007, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager